Judge Logan
delivered the opinion of the court.
This was a suit in chancery, injoining a judgment at law, rendered in favor of Keith, upon a plea of set-off on the following case:
As partners in trade, a judgment was obtained against Keith & Humphries, of which Keith paid upwards of Z100 more than his equal moiety. Humphries afterwards preferred his bill to recover the distributive share of his wife from Keith, the administrator of her father’s estate ; and, pending the suit, entered into a compromise, by which *14 Keith agreed to pay him $212, in certain payments, and procured from him a release.
fact which las been submitted to a jury in n cabe *Ablún the spheie Of' their j'iiis-diclior, can afterwards be examined ill equity. .
Upon one of the notes given for $100, in part of the compromise, Humphries instituted suit: To which Keith plead as a set-off, the amount paid by him exceeding a moiety on the joint judgment against Humphries and himself, and recovered a verdict for about 182. Whereupon a new trial was awarded; and a second verdict given for about the same sum. A new trial was again asked, but overruled, and exceptions thereto spreading the whole evidence of record: and an appeal taken, but not prosecuted. Humphries having filed his bill with injunction in preference to an appeal, alledging that by the compromise, mutual releases were to have been executed, and $212 to be paid to him over and above the sum paid by Keith on the joint judgment. But, that Keith, after procuring a release to himself and security in the administration, and executing notes for the payment of the $212, refused to give a receipt against his claim for the amount overpaid as lifo part of the judgment, although then required as a part of the compromise; and, also, refused to cancel the writings executed, though requested to do so, unless the release was executed against his demand upon that judgment.
The court below having decreed in his favor, Keith has appealed to this court.
Did the question depend only on the merits of the appel-lee’s demand, as exhibited and supported by the evidence in this cause, free from the effect of the trial at law, we should certainly concur in the. correctness of the decree. But, we are presented with the question of jurisdiction; which, Upon examination, cannot, consistently with the rules of equity and former opinions of this court, be sustained. By trial at law, the very point in litigation was before the jik ry, and, in fact, the weight of evidence, as appears in the record, was also before them.
But it is not now the subject of enquiry, whether that . finding was warranted by the evidence. It is sufficient, that the party has had an opportunity of a fair trial at law. The event was suspended on the opinion of the jury, subject to the correction of the court ; which, having been thus determined, ought not, in equity, fo be now introduced, and the same question again decided by a different tribunal, possessing, in that instance, only concurrent jurisdiction with a - court of law, which had already taken *15 Cognizance'of the cause and determined the question in controversy. If the court erred, the proper course was, as has been pursued in this instance, to file exceptions, spreading the evidence on record; and thus, in the same suit, to present the question to the appellate court. Otherwise, distinct suits, involving precisely the same question, which had previously been determined, would be the result; for, the question in controversy in both suits- is, whether Keith whs, by the compromise, to pay $212, independent of the advance by him on the joint judgment against Humphries and himself? This was the point before the jury, ami ought not, in equity, to be over-haled.
Vide post — Carpenter vs. Oran & al. spring term, 1818, and Dewces vs. Richardson, fall term, 1818.
Talbot for appellant, Littell and Bibb for appellee.
The decree must, therefore, be reversed with cost, and the cause remanded, that a decree may be entered con-formably to the foregoing opinion.